NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH R. BANISTER,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant-Appellee. | No.   16-15813<br><br>D.C. No.<br>3:12-cv-00637-MMD-VPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Argued and Submitted November 14, 2017
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and SESSIONS,[**] District Judge.

Appellant Joseph R. Banister ("Banister") sued the government to recover six penalties assessed under 26 U.S.C. § 6701, lost on summary judgment, and now appeals. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Banister argues that two of the penalties could not be imposed under § 6701 because the penalized documents were prepared in connection with collection due process hearings ("CDP hearings"). He also argues that two of the penalties could not be imposed given that, in his view, the penalized documents did not say anything about tax liability. Finally, Banister challenges all six of the penalties on the ground that he claims to have lacked the mental state required under § 6701(a)(3). These arguments are without merit.

**1.** CDP hearings are pre-deprivation procedural safeguards that allow taxpayers who owe the Internal Revenue Service ("IRS") to do things like challenge "the appropriateness of collection actions" or suggest "collection alternatives." *See* 26 U.S.C. § 6330(c)(2)(A)(ii)-(iii). Taxpayers may not challenge "the existence or amount of the[ir] underlying tax liability" in CDP hearings except under circumstances not present here. *Id.* § 6330(c)(2)(B). Banister argues that this restriction means that documents he prepared in connection with CDP hearings could not have resulted in an "understatement" of tax liability within the meaning of 26 U.S.C. § 6701, no matter what the documents said.[1]

Banister is mistaken. In everyday language, "understate" means "to represent as less than is the case." *Understate*, Merriam-Webster's Dictionary,

---

[1] Banister does not dispute that a CDP hearing qualifies as a "material matter arising under the internal revenue laws" under § 6701(a)(2).

2

https://www.merriam-webster.com/dictionary/understate (last visited Nov. 27, 2017).  Indeed, Merriam-Webster's Dictionary's very first example of "understate" used in a sentence is: "He understated his taxable income." *Id.*  So when a document *states* that someone owes an amount in taxes *under* that required by law, that document will inevitably "result in an understatement of [tax liability]" if "used in connection with any material matter arising under the internal revenue laws," § 6701(a)(2)-(3).  Such a document *is* an understatement.  It does not matter whether the IRS ultimately alters the amount of the tax assessment.  Banister's reliance on the words "would result" in § 6701(a)(3) to argue otherwise is misplaced.  Those words broaden the reach of the statute.  They make clear that a penalizable document need not expressly understate tax liability (though it could), and that the government may thus impose a penalty under § 6701 so long as the document conveys an understatement of tax liability through the logic of its arguments or the evidence it presents.

Banister also argues that Congress provided for penalties under 26 U.S.C. § 6702(b) "to directly and clearly address . . . making purportedly frivolous arguments in a CDP hearing," so § 6701 cannot be read to penalize the same.[2]  But he fails to show that either provision amounts to surplusage.  Among other things,

---

[2] Because Congress added § 6702(b) after Banister prepared the documents at issue here, that provision does not apply in this case.

3

§ 6702(b)(2) exposes someone who submits a frivolous "request for a [CDP] hearing" to a civil penalty. *See* 26 U.S.C. § 6702(b)(2). A CDP request is frivolous if it is "based on a position which the Secretary [of the Treasury] has identified as frivolous" or "reflects a desire to delay or impede the administration of Federal tax laws." *Id*. § 6702(b)(2)(A). Under § 6702(b)(2), a penalizable request for a CDP hearing need not understate tax liability. Treating a request that frivolously understates tax liability as punishable under both § 6702(b) and § 6701 thus does not leave the former provision without work to do.

**2.**     Banister also argues that two of the penalized documents could not result in an understatement because they did not say anything about his clients' tax liability, but he is mistaken as a matter of law. First, Banister prepared a letter chastising IRS officials for, among other things, prohibiting one set of his clients from arguing in their CDP hearing that income earned within the United States is not subject to taxation. This argument was frivolous, and any reasonable jury would conclude that the only point of making it was to understate his clients' tax liability. Second, Banister prepared a document on behalf of another set of clients that, though mostly incoherent, took at least one clear position: Banister's clients were under no obligation to pay taxes because they were not served with notice of their tax obligations by an IRS official. This argument was also frivolous, and any reasonable jury would conclude that it too understated his clients' tax liability.

4

**3.**     To be penalized under § 6701, Banister needed to "know[]" that the documents he prepared "would result in an understatement of the liability for tax of another person," 26 U.S.C. § 6701(a)(3), if used in a material tax matter.[3]  So even though § 6701(a)(3) doesn't require Banister to have known that his conduct violated § 6701, it still requires him to have known that documents he prepared would, if used in a material tax matter, result in statements that his clients owed an amount in taxes under that required by law.

Under *Cheek v. United States*, in deciding whether a defendant had such knowledge, a jury is "free to consider any admissible evidence from any source showing" the defendant's "awareness of the relevant provisions of the [Tax] Code or regulations, of court decisions rejecting his interpretation of the tax law, of authoritative rulings of the Internal Revenue Service, or of any contents of the personal income tax return forms and accompanying instructions that made it plain" that taxes were owed.  498 U.S. 192, 202 (1991).  Therefore, if the jury finds that such evidence and/or the unreasonableness of the defendant's position indicate that his asserted belief is "nothing more than simple disagreement with *known* legal duties imposed by the tax laws," the defendant loses.  *Id.* at 204 (emphasis added).

---

[3] Both parties agreed that nothing short of actual knowledge satisfies § 6701(a)(3), so we assume the same without deciding the question.

Given Banister's background as a former tax collector, the research he admitted to conducting, and his own correspondence with the IRS—not to mention the manifest unreasonableness of his beliefs—no reasonable jury could find that Banister lacked actual knowledge that his theories were contrary to law within the meaning of *Cheek*. Indeed, Banister fails to cite any record evidence suggesting that he himself lacked such knowledge.

Accordingly, the government was entitled to summary judgment with respect to all six penalties assessed against Banister.[4] *See* Fed. R. Civ. P. 56(a).

**AFFIRMED**.

---

[4] "We may affirm on any basis supported by the record, whether or not relied upon by the district court." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007)). We therefore need not decide the preclusive effects that Banister's IRS disbarment proceedings have on this case, if any.